<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 820 RIDGE ROAD ASSOCIATES, LLC, | |
| Plaintiff, | Civil Action No. 05-4320 (SDW) |
| v. | |
| DOW JONES & COMPANY, | |
| Defendant. | **OPINION** |
| | July 30, 2008 |

**WIGENTON, District Judge**

This matter comes before the Court on two motions for partial summary judgment, pursuant to FED. R. CIV. P. 56, filed by Defendant Dow Jones & Company ("Dow Jones"). The first motion (Docket Entry No. 20) seeks summary judgment on the Amended Complaint in its entirety or, in the alternative, on Plaintiff's claims for specific performance. The second motion (Docket Entry No. 23) seeks partial summary judgment on Plaintiff's claims for consequential damages and fraud.

The motions for partial summary judgment are decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the first motion for partial summary judgment is granted in part and denied in part, and the second motion for partial summary judgment is denied.

**I.    Factual Background**

This dispute concerns an agreement for the sale of real estate. The following facts are undisputed. In 1999, Dow Jones agreed to sell a parcel of property, part of its corporate campus in South Brunswick, New Jersey, to Plaintiff's predecessor in interest, Togar Management Services, Inc., for $2,400,000. The agreement was originally executed on July 26, 1999, and the parties have

made subsequent written amendments. Togar Management Services, Inc. subsequently assigned its rights and obligations under the sales agreement to Plaintiff, 820 Ridge Road Associates, LLC ("Plaintiff"). The last deadline for closing was April 22, 2005; the parties have not closed on the transaction.

On July 7, 2005, Plaintiff filed a Complaint in New Jersey Superior Court, Middlesex County: Chancery Division, which Defendant removed to this Court on September 2, 2005. On March 8, 2007, Plaintiff filed the Amended Complaint, which asserts seven counts: 1) breach of contract; 2) breach of the covenant of good faith and fair dealing; 3) intentional and/or negligent misrepresentation; 4) promissory estoppel; 5) specific performance of ISRA obligations and damages; 6) specific performance of subdivision application obligations and damages; and 7) specific performance of Agreement of Purchase and Sale and damages.

The parties do not dispute that, pursuant to the sales agreement, the sale was subject to certain conditions. Plaintiff was obligated to obtain subdivision approval from the Township of South Brunswick, and Dow Jones was obligated to obtain a New Jersey Industrial Site Recovery Act ("ISRA") approval. Neither party obtained the required approval.

On August 31, 2007, Dow Jones filed the first of the two motions for partial summary judgment presently before the Court. On September 12, 2007, Dow Jones filed the second.

**II.   Jurisdiction/Venue**

This Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1331. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

### III. <u>Summary Judgment</u>

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 318 (1986).

Once the moving party meets the initial burden, the burden then shifts to the non-movant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The need of the non-movant to conduct further discovery does not preclude summary judgment unless the non-movant demonstrates how the additional discovery would preclude summary judgment. *Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988). The court may not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991).

### IV. <u>Dow Jones' first motion for summary judgment</u>

In its first motion for summary judgment, Dow Jones asks that the Amended Complaint be

dismissed in its entirety or, in the alternative, that the Court enter judgment in its favor on the specific performance remedies in the Fifth, Sixth, and Seventh Counts of the Amended Complaint.

### A.  Summary judgment on the entire Amended Complaint

Dow Jones argues that, under New Jersey law, in the absence of formal subdivision approval, it cannot legally transfer the land to Plaintiff. "Therefore, Dow Jones is entitled to summary judgment on all of Plaintiff's claims." (Dow Jones' First MSJ Br. 20.)

Dow Jones has not met its burden under Rule 56 of showing that it is entitled to judgment as a matter of law on the entire Amended Complaint. Even if, for the sake of discussion, this Court were to agree with Dow Jones' premise – that Dow Jones cannot legally transfer the land absent subdivision approval – there is a very large logical gap between that premise and the conclusion that the Court should enter judgment on the entire Amended Complaint. Many steps are missing. Dow Jones fails to explain, for example, how this premise justifies granting judgment on the Second Count, for breach of the covenant of good faith and fair dealing. As to the motion for summary judgment on the Amended Complaint in its entirety, Dow Jones' motion will be denied.

### B.  Summary judgment on the Fifth, Sixth, and Seventh Counts

In the alternative, Dow Jones asks for summary judgment on the availability of the specific performance remedies in the Fifth, Sixth, and Seventh Counts of the Amended Complaint. The Fifth Count seeks an order "that Dow Jones . . . take all actions required to obtain ISRA approval" to transfer the property. (Am. Compl. ¶ 52(a).) The Sixth Count seeks an order "that Dow Jones sign 820 River [sic] Road's application for subdivision approval." (Am. Compl. ¶ 54(a).) The Seventh Count seeks an order "that once Dow Jones obtains any and all ISRA approvals and signs Buyer's subdivision application, and Buyer obtains subdivision approval from the Township of South

Brunwick, Dow Jones transfer good and marketable title to the Property." (Am. Compl. ¶ 56(a).) Dow Jones makes three arguments in support.

### 1. Dow Jones' argument that specific performance remedies must not be contingent on the discretion of a third party

Dow Jones argues that, under New Jersey law, specific performance will not be decreed when compliance rests upon the discretion of a third party, and cites in support *Ridge Chevrolet-Oldsmobile, Inc. v. Scarano*, 238 N.J. Super. 149, 156 (N.J. Super. Ct. App. Div. 1990). In its opposition, Plaintiff does not rebut this argument, which appears to be fatal to the specific performance remedy in the Seventh Count. The Seventh Count seeks an order directing Dow Jones to transfer the property, contingent on the Buyer's having first obtained subdivision approval from a third party, the Township of South Brunswick. The history of this case has shown that obtaining subdivision approval from the Township of South Brunswick is far from a sure thing, and is fairly characterized as involving the discretion of a third party. Pursuant to *Ridge Chevrolet*, since compliance rests upon the discretion of a third party, specific performance will not be decreed. It is thus possible at this juncture to determine, as a matter of law, that Plaintiff cannot under any circumstances obtain the specific performance remedy sought in the Seventh Count. As to the specific performance remedy in the Seventh Count, Dow Jones' motion for summary judgment will be granted.

This argument fails, however, with respect to the specific performance remedies in the Fifth and Sixth Counts. The specific performance remedies sought in those counts do not involve the compliance of any third party: the Court could order the Seller to take all actions required to obtain ISRA approval, and could order the Seller to sign Buyer's subdivision application, without involving

any third party.

### 2. Dow Jones' argument that the remedies are not in the contract

Dow Jones argues that Plaintiff cannot obtain these three specific performance remedies because Plaintiff's entitlement has no basis in any contract. This is unpersuasive because it lacks the necessary foundation and does not appear to be supported by the plain language of the contract. Dow Jones asks this Court to rule on the remedies available under the contract without having first established the parties' rights and obligations under the contract. The lack of foundation might not be so problematic if it were obvious that the contract does not entitle Plaintiff to the specific performance remedies it seeks, but this is not the case. As Plaintiff observes, section 3(B)(2) of the contract appears to give the Buyer the right to specific performance remedies in the event of Seller's default. (Judge Decl. Ex. A.) Section 11(F) appears to give the Seller the obligation to obtain ISRA approval of the sale. Id. Section 14(A)(6) appears to give Seller the obligation to cooperate with the Buyer in obtaining approvals and to execute any needed documents submitted by the Buyer. Id. These observations are made not as determinations of any party's rights and obligations under the contract, but to show that it is not clear that the specific performance remedies in the Fifth and Sixth Counts are unavailable under the contract. Dow Jones has not persuaded that these remedies are unavailable pursuant to the contract.

### 3. Dow Jones' argument that the remedies are unavailable because the Buyer failed to obtain subdivision approval

Dow Jones argues that, because the Buyer failed to obtain subdivision approval, it cannot obtain specific performance under the contract. Again, this argument fails for lack of foundation. This Court cannot rule on the questions of whether the Buyer can obtain an order directing the Seller

to sign the subdivision application and to complete the ISRA application process without having first determined the parties' rights and obligations under the contract. This case appears to present, among other things, an order of performance problem with regard to the parties' obligations to obtain subdivision approval and ISRA approval: did the contract fix the time or order of performance of each action? *See, generally*, RESTATEMENT (SECOND) OF CONTRACTS §§ 231, 234 (1981) (stating the basic principles for an order of performance analysis). Was one party required to perform first? Were they to perform simultaneously? Did the failure of one party to perform excuse the other's duty of performance? This Court cannot answer any of these questions at this point, since the parties have not even discussed them. Dow Jones essentially asks this Court to determine, without an order of performance analysis, that the contract required the Buyer to obtain subdivision approval first, and that Seller's obligations to perform under the contract are excused by Buyer's failure to perform. The Court cannot make such a determination in the absence of briefing on the issues.

In sum, Dow Jones has shown that, pursuant to Rule 56, it is entitled to judgment as a matter of law on the availability of the specific performance remedy sought in the Seventh Count, and, as to that issue, its motion for partial summary judgment will be granted. As to the availability of the specific performance remedy sought in the Fifth and Sixth Counts, Dow Jones' motion for partial summary judgment will be denied.

## V.     Dow Jones' second motion for summary judgment

### A.     Summary judgment as to consequential damages

In its second motion for summary judgment, Dow Jones moves for summary judgment as to the consequential damage remedies in the First and Second Counts of the Amended Complaint. Dow Jones bases this on an argument that is unpersuasive on its face. In brief, Dow Jones contends

that, under New Jersey law, the traditional measure of damages in a real estate contract is the difference between the contract price and the property's market value at the time of the breach. Even if this is a true statement, that the traditional measure of real estate contract damages is one particular thing says nothing about the availability of consequential damages.

In support of its statement about the traditional measure of damages under New Jersey law, Dow Jones cites *Donovan v. Bachstadt*, 91 N.J. 434, 445 (1982). As Plaintiff observes, *Donovan* actually effectively defeats Dow Jones' argument, since it states the principles under which consequential damages are available. *Id.* Moreover, as Plaintiff contends, *Donovan* supports the proposition that New Jersey law allows a flexible approach to contract damages: "What the proper elements of damage are depend upon the particular circumstances surrounding the transaction, especially the terms, conditions and nature of the agreement." *Id.* at 446.

As to the availability of consequential damage remedies for the First and Second Counts of the Amended Complaint, Dow Jones has failed to show that it is entitled to judgment as a matter of law, and the motion for partial summary judgment will be denied.

### B. Summary judgment as to the Third Count

Dow Jones moves for summary judgment on the Third Count of the Amended Complaint, for intentional and/or negligent misrepresentation, contending that Plaintiff cannot establish a separate cause of action for fraud. Dow Jones presents three arguments in support.

First, Dow Jones argues that the statement attributed to Dow Jones does not amount to fraud. The Third Count alleges that Dow Jones withheld from Plaintiff two material facts: 1) Dow Jones had entered into a contract of sale with Providence Corporation for a portion of the property; and 2) Dow Jones failed to disclose that it had mistakenly included a particular pond in the property to be

sold. Dow Jones fails to make a coherent argument to persuade that these acts cannot amount to intentional or negligent misrepresentation.

Second, Dow Jones argues that the Third Count is fundamentally a breach of contract claim that has been impermissibly camouflaged as a fraud claim. Under New Jersey law, a claim for common law fraud has five elements: "1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-173 (2005). The Third Count appears to allege all five elements.

Dow Jones argues that non-performance of a contract does not constitute a separate act of fraud. This may be so, but the Third Count is not a claim for breach dressed up as fraud. Rather, it alleges specific material misrepresentations, and Plaintiff's reliance thereon, which are quite different elements from those that make up a breach of contract claim.

Third, Dow Jones argues that the Third Count must fail because, as a matter of undisputed fact, Dow Jones did cooperate with the Buyer. This argument misconstrues the Third Count, which does not rely on a failure by Dow Jones to cooperate. In the Third Count, Plaintiff alleges that Dow Jones withheld material facts, as described above, "while at the same time telling 820 Ridge Road that it would cooperate in achieving a closing and any necessary subdivision." (Am. Compl. ¶ 43.) Even if it is true that Dow Jones actually cooperated, this would not preclude Plaintiff from proving the elements of common law fraud. It is possible that Dow Jones both cooperated and engaged in intentional misrepresentation.

Furthermore, even if this Court agreed that the element of cooperation was essential to the

Third Count, this Court cannot determine whether any party cooperated in the absence of an analysis of the parties' rights and obligations under the contract.

As to the Third Count of the Amended Complaint, Dow Jones has failed to show that it is entitled to judgment as a matter of law, and the motion for partial summary judgment will be denied.

## VI.  Conclusion

For the reasons stated above, Dow Jones' first motion for partial summary judgment (Docket Entry No. 20), pursuant to FED. R. CIV. P. 56, is granted in part and denied in part. As to the availability of the specific performance remedy sought in the Seventh Count of the Amended Complaint, the motion for summary judgment is granted, and judgment shall be entered in Defendant's favor. As to the remainder of the first motion, the motion for summary judgment is denied. Defendant's second motion for partial summary judgment (Docket Entry No. 23), pursuant to FED. R. CIV. P. 56, is denied. An Order follows.

Susan D. Wigenton, U.S.D.J.

cc: Judge Madeline Cox Arleo, U.S.M.J.